**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ARGANO ULTIMATE HOLDINGS, LLC, ARGANO, LLC, | § | |
| *Plaintiffs*, | § | Case No. 2:25-cv-00976-JRG-RSP |
| v. | § | |
| DONYATI, LLC, RONALD GUADAGNO, DYANA KARCHER, MELISSA O'BLENIS, WILLIAM POSEY, DANIELLE WHITE, | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion to Enforce Mandatory Forum Selection Clause and Transfer Venue. **Dkt. No. 34**. In its Motion, Defendants seek transfer to the Eastern District of Texas, Sherman Division, under a forum selection clause, and under the private and public factors underlying the application of 28 U.S.C. § 1404(a). Having considered the Motion, and for the reasons discussed below, the Court **DENIES** Defendants' Motion.

## I. LEGAL STANDARD

**I. LEGAL STANDARD**

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer

of the case. *See Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. *See Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Once the moving party has established the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I.*

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech*

*Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

## II. ANALYSIS

### A. Venue is Proper in Either Venue

While the Parties do not dispute venue in either division, the Court finds venue proper in either division of the Eastern District of Texas under the general venue statute, 28 U.S.C. § 1391(b). In its complaint, Plaintiff alleges "Donyati and the Individual Defendants misappropriated trade secrets created in this District, and in certain instances, downloaded them to this District." Since § 1391(b) finds venue proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," the Court finds either the Sherman or Marshall Division of the Eastern District Texas proper.

### B. Forum Selection Clause

As a threshold matter, Plaintiffs do not dispute that the forum selection clause is valid and enforceable for three of the individual defendants. *See* Dkt. No. 34 at 6; Dkt. No. 43 at 7. The Parties dispute whether its phrase "[a]ny action . . . shall be brought only in any state or federal court located in or for Collin County, Texas," limits the action to courts in Collin County, Texas,

or includes courts with jurisdiction over Collin County, but outside it. Dkt. 1-1 at § 15; Dkt. 1-2 at § 15; Dkt. 1-3 at § 15.

Defendants argue that the clause refers exclusively to the Sherman Division of the Eastern District of Texas, since its Plano courthouse is in Collin County. Dkt. No. 34 at 4. Defendants argue that since the Marshall Division "comprises the counties of Camp, Cass, Harrison, Marion, Morris, and Upshur," and not Collin, it is not a court "in or for Collin County."

In response, Plaintiff argues that while the Marshall Division is not *in* Collin County, it is a court *for* Collin County, since Collin County is within the Eastern District of Texas. Dkt. No. 43 at 5-6. Plaintiff points to *Brooks v. J.B. Hunt Transp., Inc.*, which found that "all divisions within a district are proper venues for any case that may be filed within that district." 2019 WL 13210805, at *1 (E.D. Tex. May 10, 2019).

The Court agrees with Plaintiff that the Marshall Division is a "federal court…for Collin County, Texas," and thus venue is proper. In *Lamar Cnty. Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.*, relied on both Parties, the Court evaluated a forum selection clause that stipulated to courts "in *and* for" Lamar County, Texas. 2021 WL 1061188, at *9-10, (E.D. Tex. Mar. 19, 2021) (emphasis added). In *Lamar*, which found that since "'and' joins 'in' and 'for,'… exclusive jurisdiction and venue lies with a court in *and* for the county, not in *or* for the county." *Id.* The Court found that since "the federal district court only satisfies the 'for' condition" and Lamar County contained no federal courthouses, the "in and for" clause effectively precluded a federal forum. *Id.* The Court finds that unlike *Lamar*, the applicable forum selection clause's "or" language permits an action in a court "for" but not "in" Collin County. Since "all divisions within a district are proper venues for any case that may be filed within that district," and since Collin County is within the Eastern District of Texas, the Court finds that the Marshall Division properly

falls within the forum selection clause. *Brooks*, 2019 WL 13210805, at *1. Therefore, the Court finds that no enforcement of the forum selection clause is needed.

### C. Public and Private Factors

Since neither party identifies caselaw which indicates a forum selection precludes or limits transfer *within* the scope of a forum selection clause, the Court applies the Fifth Circuit's standard §1404(a) analysis.

#### *1. Public Interest Factors*

The Parties agree that the court congestion, familiarly with governing law, and conflict of laws factors are neutral. *See* Dkt. No. 34 at 9, 12; Dkt. No. 43 at 8-9, 11. Defendants, however, argue that the Plano area has a local interest to hear the case, relying on Plaintiff's primary place of business in Plano, and that several named Defendants live in Collin County. Dkt. No. 34 at 10-11. Defendants note that "none of the allegations in the Complaint establish any connection between the alleged conduct of the Defendants and the Marshall Division." *Id.* at 11. Plaintiff notes that the alleged harm is felt throughout the district. *Id.* at 10.

The Court finds that the local interest factor does not favor transfer. While Defendants identify several employees who reside in Collin County and note that Plaintiff's headquarters is in Plano, several named defendants live in California and Florida. Furthermore, Defendants fail to identify any harm that specifically affects the public in Collin County. None of this is sufficient to find that the local interest favors one division over the other.

#### *2. Private Interest Factors*

Defendants argue that since one of the non-signatory defendants lives in Collin County, and that Donyati has its "principal place of business" in Plano, it is more convenient for her. Dkt.

No. 34 at 12. Defendant argues that such a transfer is thus "in the interest of convenience and judicial economy." *Id.* at 14.

In response, Plaintiff notes that several factors were not analyzed in Defendant's motion. Dkt. No. 43 at 11. Plaintiff argues that the "several hours" of drive time between Sherman and Marshall does not satisfy the "clearly more convenient" standard for transfer. *Id.* at 12.

The Court finds that the private interest factors do not favor transfer. Defendants identify no sources of proof or compulsory process issues with either Division, nor do they identify any practical problems favoring transfer. While they identify a single defendant for whom the Sherman Division would be more convenient, the Court finds that this cannot overcome Plaintiff's choice of venue. Therefore, the Court finds that the private interest factors do not favor transfer.

## III. CONCLUSION

Having considered the Motion, and for the reasons discussed above, the Court **DENIES** Defendants' Motion.

**SIGNED this 21st day of September, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE